UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERK'S OFFICE
2004 OCT 29 P 3:36
U.S. DISTRICT COURT
DISTRICT OF MASS.

SHEA-TRAYLOR-HEALY,
A JOINT VENTURE,

 Plaintiff,

v.

MASSACHUSETTS WATER RESOURCES
AUTHORITY,

 Defendant.

Case No. 04-11969-NMG

## DEFENDANT'S MOTION TO DISMISS COMPLAINT

The Defendant Massachusetts Water Resources Authority ("MWRA" or "Authority") hereby moves pursuant to F.R. Civ. P. Rule 12(b)(6), and in the alternative pursuant to Rule 56, that this Court dismiss Plaintiff's ("STH") Complaint for failure to state a claim upon which relief may be granted. MWRA submits herewith in support of this motion the Affidavit of Michael J. McBride, MWRA's Deputy Chief Operating Officer and a supporting memorandum of law. Defendant MWRA has conferred with opposing counsel prior to the filing of this motion in satisfaction of Local Rule 7.1(A)(2).

STH's claim is for compensation for extra work allegedly caused by a change in the scope of its work under a construction contract for tunneling and shaft work on a twelve mile segment of the MetroWest Water Supply Tunnel (the "Project"). The claim originated as a dispute by and between STH on the one hand and the Electrical Workers

Union of Greater Boston, Local 103 of the International Brotherhood of Electrical Workers ("Local 103") on the other. That dispute focused solely upon whether a published working rule of Local 103 required STH, through its electrical subcontractor, to hire a separate Journeyman Wireman ("Wireman") to work at the top of each of two working shafts while its work on the Project was underway. STH asserts that one such Wireman was sufficient to cover both shafts. Local 103 ruled that one Wireman per shaft was required. STH alleges that it incurred and paid over $350,000 in wage costs to its electrical subcontractor as a result of Local 103's work rule and wants to pass those costs along to the MWRA.

STH cannot recover on the Complaint because it was solely STH's unilateral choice to begin using a second working shaft ("Shaft N") that triggered Local 103's work rule and **not** a change in the scope of STH's work directed by the MWRA or by anyone acting on behalf of MWRA. In fact, the plans and specifications for the Project explicitly called for STH's work to include the construction of two large diameter working shafts, one of which, Shaft L, was to serve as the primary, if not exclusive, means of access to the work and Shaft N which was not contemplated as an access shaft. Ultimately, during the course of the Project, STH found it convenient to use Shaft N, which it had constructed, to serve as a second means of access to and from the Project work for workers and for its concrete operations.

STH cannot prevail upon its claim under the Contract as it is irrefutable that the completion of both working shafts was part of Plaintiff's original work and that it was STH's sole decision to begin to use Shaft N for access purposes. The scope of STH's

work under the Contract did not change and MWRA did not require STH to use the additional Shaft N.

To the extent that STH's Complaint relates to its dispute with Local 103, STH cannot recover against MWRA as that dispute is expressly and exclusively governed by the terms of a Project Labor Agreement (the "Agreement") to which MWRA was not a party. Moreover, that Agreement contains a mandatory and exclusive dispute resolution procedure culminating in the requirement that disputes be submitted to binding arbitration. However, STH chose not to pursue that remedy. In failing to do so, STH acted at its peril as the provisions of the Agreement provide that failure to adhere to time limits for demanding arbitration would render the dispute "null and void."

Procedurally, this case simply does not belong in federal court. Case precedent in this District and generally throughout the First Circuit indicates that forum selection and remedy selection clauses are prima facie enforceable. Enforcement of those clauses in this case would mean first that STH's failure to insist upon binding arbitration under the PLA has worked a complete waiver of its right to challenge Local 103's work rule rendering its claim moot. Second, under the Contract between MWRA and STH, STH was obligated to bring suit in a Massachusetts state court under the Contract's Disputes Article. Even assuming, *arguendo*, that this Court were to find a viable cause of action against MWRA, it should still exercise its discretion to dismiss the case or, at least, to transfer it to the state superior court.

Plaintiff has no valid claim against MWRA in this or any other court and the Complaint should be dismissed for STH's failure to state a claim upon which relief may be granted. Alternatively, to the extent that this Court's consideration of evidence outside of the Complaint reveals that there are no general issues of material fact for trial, Defendant is entitled to the entry of summary judgment as a matter of law in its favor dismissing the Complaint.

Respectfully Submitted,

Massachusetts Water Resources
 Authority

By Its Attorneys,

*/s/ Steven A. Remsberg*
Steven A. Remsberg (BBO #416620)
John Navoy (BBO #367780)
Mass. Water Resources Authority
Charlestown Navy Yard
100 First Avenue, Building 39
Boston, MA 02129
(617) 788-1145

Dated: October 29, 2004

### CERTIFICATE OF SERVICE

I, Steven A. Remsberg, hereby certify that on this 29th day of October, 2004, I served a copy of the foregoing Defendant's Motion to Dismiss Complaint, by mailing same, postage prepaid, to all counsel of record.

*/s/ Steven A. Remsberg*
Steven A. Remsberg