UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEA-TRAYLOR-HEALY,<br>A JOINT VENTURE,<br><br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS WATER RESOURCES<br>AUTHORITY,<br><br>    Defendant. | Case No. 04-11969-NMG |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Plaintiff Shea-Traylor-Healy, a Joint Venture ("STH"), by counsel, hereby opposes the Motion to Dismiss filed by Defendant Massachusetts Water Resources Authority ("MWRA"). MWRA's Motion must be denied for at least four principal reasons. First, the MWRA's Motion submits and relies upon matters outside of the pleadings, inappropriately seeking resolution of disputed factual matters that go to the merits of the case, contrary to the standard applied to resolve a Rule 12(b)(6) motion. MWRA's Motion mischaracterizes the facts alleged in the Complaint and relies upon an affidavit that is based upon erroneous facts and assumptions outside the Complaint. Recognizing that STH has stated a claim sufficient to withstand a Rule 12(b)(6) motion, MWRA instead essentially seeks summary judgment on the merits of the dispute, under the guise of a Rule 12(b)(6) motion, without affording the parties or this Court the benefit of necessary discovery to establish facts that would demonstrate the inappropriateness of dismissing this action.

Second, MWRA, through its Construction Manager ("CM"), Stone & Webster, constructively changed the scope of the Contract by forcing STH to employ an additional topside

electrician and further refused to permit STH to resolve this labor dispute through the dispute resolution process set forth in the Project Labor Agreement ("PLA"), which is incorporated into the Contract entered into between STH and MWRA. Complaint ¶¶ 7, 21-28, 33-36. MWRA cannot avoid its liability by contending it is not a party to the labor dispute, when the increased costs incurred by STH are directly attributable to the acts and omissions of MWRA's agent, committed with disregard to the contractual obligations between STH and MWRA. Id. ¶¶ 34-36.

Third, STH did not waive its claim by failing to demand arbitration. STH tried, but MWRA blocked, the PLA's dispute resolution process, thereby forcing STH to the contractual disputes process. Indeed, STH attempted to follow the PLA's dispute resolution process by requesting a Step 2 meeting, but MWRA, acting through Stone & Webster, inappropriately denied this request. Thus, MWRA prohibited STH from proceeding to Step 3 and demanding arbitration, because the prerequisite Step 2 meeting never occurred, leaving STH with no basis to demand arbitration under the terms of the PLA. Thus, MWRA must be estopped from making its disingenuous argument that STH could have demanded arbitration when the acts of MWRA and its representatives precluded STH from establishing a basis to demand arbitration under the PLA's dispute resolution process and further led STH to believe that the matter would be resolved through the contractual claims process. Indeed, MWRA never even mentioned arbitration until well over a year later when it issued its Engineer's Decision. As a result, STH has pursued the only remedy afforded STH for MWRA's denial of STH's rights under the PLA, which was to notify MWRA of, and pursue, STH's claim for MWRA's breach of contract.

Fourth, and finally, this action is appropriately filed in this Court as STH and MWRA specifically selected this Court when it agreed that it would litigate all disputes in a court of the

Commonwealth of Massachusetts that was located in the same county as MWRA's headquarters. MWRA's argument that state court is the only appropriate venue for this action ignores the reality that this Court is a court of the Commonwealth of Massachusetts and is located in the same county as MWRA's headquarters. Contrary to MWRA's arguments, the parties did not agree to litigate disputes only in state courts as opposed to a Massachusetts federal court. The plain language of the forum selection clause does not exclude Massachusetts federal courts and, as the drafter of the Contract, any ambiguities in the Contract must be construed against MWRA. See LFC Lessors, Inc. v. Pac. Sewer Maint. Corp., 739 F.2d 4, 7 (1st Cir. 1984).

For the foregoing reasons, and as set forth more fully in the accompanying Memorandum in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint filed herewith, MWRA's Motion to Dismiss must be denied.

WHEREFORE, STH hereby requests that this Court enter an Order denying MWRA's Motion to Dismiss.

Dated: November 12, 2004

Respectfully submitted,

**SHEA-TRAYLOR-HEALY,
A JOINT VENTURE**

By its attorneys,

Joel Lewin, Esq. (BBO #298040)
Jeremy Blackowicz, Esq. (BBO #650945)
**Hinckley, Allen & Snyder LLP**
28 State Street, 29th Floor
Boston, Massachusetts 02109-1775
Tel: (617) 345-9000

Of Counsel:

Henry D. Danforth, Esq.
Arnie B. Mason, Esq.
**Watt, Tieder, Hoffar
& Fitzgerald, L.L.P.**
8405 Greensboro Drive
Suite 100
McLean, Virginia 22102
(703) 749-1000

## CERTIFICATE OF SERVICE

I, Jeremy Blackowicz, hereby certify that on this 12th day of November, 2004, I served a copy of the forgoing Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint, by mailing the same, postage prepaid, to:

Steven A. Remsberg, Esq.
Massachusetts Water Resources Authority
100 First Avenue, Building 39
Charlestown navy Yard
Boston, MA 02129

Jeremy Blackowicz

4