UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHEA-TRAYLOR-HEALY, A JOINT VENTURE, <br><br> Plaintiff, <br><br> v. <br><br> MASSACHUSETTS WATER RESOURCES AUTHORITY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 04-11969-NMG |

**JOINT STATEMENT ON BIFURCATED DISCOVERY**

Pursuant to this Court's Order issued during the Scheduling Conference on May 5, 2005, the parties jointly submit this proposed Joint Statement for the "Phase One" discovery. The parties have been unable to reach agreement on the proposed scope of the Phase One discovery. Further, while both parties understand there is a sixty-day "window" to accomplish the Phase One discovery, the defendant seeks clarification with respect to actual "duration" as further described below – the plaintiff takes no position on this issue. Wherefore, pursuant to Local Rule 16.1, the parties have separately indicated the items upon which they disagree, and have indicated the nature of the disagreement.

    A.    **Scope of Phase One Discovery**

(1) As stated in the Agenda and Joint Statement, the defendant, Massachusetts Water Resources Authority ("MWRA"), proposes that Phase One discovery be targeted to determine whether the plaintiff, Shea-Traylor-Healy, A Joint Venture ("STH"), can establish liability against the MWRA, to challenge a decision rendered by the Construction Manager (Stone & Webster, Inc.) within the Project Labor Agreement based on the underlying facts.

(2) The plaintiff will agree to the discovery proposed by the defendant in Section A(1) above if Phase One discovery also includes how MWRA, or its representatives, including without limitation its Construction Manager, have administered the disputes resolution procedures of the Project Labor Agreement on the STH-MWRA prime contract and other prime contracts.

The defendant objects to this discovery on several grounds. The underlying claim is limited to a single grievance administered by Stone & Webster within the Project Labor Agreement and the application of Local 103's work rule, with a discrete set of witnesses, pertinent facts and documents. The defendant objects to the plaintiff's belated attempt to expand the birfurcated discovery discussed at the Scheduling Conference on the grounds that: (a) it is outside the scope discussed at the Scheduling Conference; (b) it is not relevant; (c) by the express terms of the Project Labor Agreement, the MWRA was not party to that agreement and it did not administer the Project Labor Agreement; and (d) to allow discovery into "how other representatives" have administered a Project Labor Agreement on "other prime contracts" would completely frustrate and undermine the stated purpose of the "bifurcated" discovery. The relevant tunnel project had a contract value of $250 million dollars, and to allow discovery into other projects of comparable value would defeat the very intent of the bifurcated discovery.

The plaintiff disagrees with each objection stated by the defendant because: (a) the discovery described in Section A(1) above was discussed at the Scheduling Conference; (b) how MWRA and its representatives, including without limitation its Construction Manager, have administered the same Project Labor Agreement on other prime contracts is relevant; (c) the Contract includes the Project Labor Agreement as part of the Contract Documents, as did other prime contracts on MWRA's Metrowest System; and (d) the discovery proposed in Section A(1) above furthers the stated purpose of bifurcated discovery because it is likely to be necessary for the plaintiff to adequately defend the dispositive motion the defendant may bring based upon Phase One discovery.

2

### B.     **Commencement and Duration of Phase One Discovery**

The defendant proposes that the sixty-day period for this targeted discovery shall begin upon the Court's action on this proposed Joint Statement. In view of the plaintiff's proposal to include discovery as set forth in Section A(2) above, the defendant respectfully submits that a ruling from the Court with respect to the scope would greatly assist the parties in accomplishing the stated goals. Further, the defendant respectfully requests that in the event there is a delay in the provision of deposition transcripts beyond the sixty-day window, that the filing deadline for any dispositive motion based on the bifurcated discovery be extended for a limited period of time.

### C.     **Deposition, Interrogatories and Document Requests**

The parties herein jointly propose that:

(1)     Depositions which are noticed will be promptly scheduled using best efforts to accomplish the completion of this targeted discovery within the sixty-day window. Any such depositions shall be limited in scope to the bifurcated discovery, or so-called "Phase One."

(2)     The parties may propound interrogatories and document requests as set forth in the Court's scheduling order. Responses shall be due thirty days from the date of receipt, and the document production shall be scheduled within thirty days of the receipt of the Request for Production of Documents.

### D.     **Initial Disclosures**

The parties herein jointly propose that each party's Initial Disclosure (which are due on May 27, 2005 pursuant to this Court's Scheduling Order), shall, to the extent practicable, specifically identify what individual(s) and documents it has with knowledge of or are relevant to the "Phase One" discovery.

| SHEA-TRAYLOR-HEALY, A JOINT VENTURE | MASSACHUSETTS WATER RESOURCES AUTHORITY |
|---|---|
| /s/Arnie B. Mason<br>Henry D. Danforth, Esq.<br>Arnie B. Mason, Esq.<br>Watt, Tieder, Hoffar & Fitzgerald, LLP<br>8405 Greensboro Drive<br>Suite 100<br>McLean, VA  22102-4224<br>(703) 749-1000 (tel.)<br>(703) 893-8029 (fax) | /s/Paul T. Milligan<br>Michael T. McInerny, Esq. (BBO# 549480)<br>Paul T. Milligan, Esq. (BBO# 552574)<br>Nelson Kinder Mosseau & Saturley, PC<br>45 Milk Street, 7th Floor<br>Boston, MA 02109<br>(617) 778-7500 (tel.)<br>(617) 778-7501 (fax) |
| /s/Eric F. Eisenberg<br>Joel Lewin, Esq. (BBO# 248040)<br>Eric F. Eisenberg, Esq. (BBO# 544682)<br>Hinckley, Allen, Snyder, LLP<br>28 State Street, 29th Floor<br>Boston, MA  02109-1775<br>(617) 345-9000 (tel.)<br>(617) 345-9020 (fax) | /s/John V. Navoy<br>Steven A. Remsberg, Esq. (BBO# 416620<br>John V. Navoy, Esq. (BBO# 367780)<br>Massachusetts Water Resources Authority<br>Charlestown Navy Yard<br>100 First Avenue, Building 39<br>Boston, MA  02129<br>(617) 788-1145 (tel.) |

Date:  May 12, 2005

## CERTIFICATE OF SERVICE

    I certify that a true copy of the above document was electronically served on all counsel of record, with a courtesy copy by first class regular mail, postage prepaid, as required by the Standing Order of This Court.

                                            /s/Paul T. Milligan  
                                            Paul T. Milligan

Date: May 12, 2005