UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHEA-TRAYLOR-HEALY,<br>A JOINT VENTURE,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS WATER<br>RESOURCES AUTHORITY,<br><br>Defendant. | CIVIL ACTION NO. 04-11969-NMG |

**JOINT MOTION TO AMEND SCHEDULING ORDER**

Now come the Plaintiff Shea-Traylor-Healy, a Joint Venture ("STH"), and Defendant Massachusetts Water Resources Authority ("MWRA") (collectively the "parties") and hereby respectfully move this Court to amend its Scheduling Order entered on May 19, 2005 and to:

a. rule on the MWRA's pending Motion to Dismiss;

b. rule on the scope of the Phase One Bifurcated Discovery as set forth in the Parties' Joint Statement on Bifurcated Discovery, as briefly referenced below; and,

c. extend the time for the parties to complete Phase One discovery to August 9, 2005 and for the MWRA to file its motion, if any, on or before August 23, 2005.

In support, the parties state as follows:

1. At the May 5, 2005 Scheduling Conference, this Court ordered bifurcated "Phase One" discovery.

2. Thereafter, as reflected in the parties' May 12, 2005 Joint Statement on Bifurcated Discovery, the parties have been unable to agree as to the scope of "Phase One" discovery. Briefly:

    a.    The MWRA proposed "that Phase One discovery be targeted to determine whether [STH] can establish liability against the MWRA, to challenge a decision rendered by the Construction Manager (Stone & Webster, Inc.) within the Project Labor Agreement based on the underlying facts."

    b.    STH agreed to an initial phase of discovery for the limited purpose of allowing MWRA to file a Rule 56 motion and conditioned upon STH's right to also conduct discovery regarding "how MWRA, or its representatives, including without limitation its Construction Manager, have administered the disputes resolution procedures of the Project Labor Agreement on the STH-MWRA prime contract and other prime contracts."

    c.    The MWRA's objections to STH's position, and STH's responses to each objection, are set forth in the Joint Statement on Bifurcated Discovery.

3.    In its May 19, 2005 Scheduling Order, this Court established, *inter alia*, that "discovery on issue liability" is due to be completed by July 5, 2005, with "non expert discovery" to be completed by December 31, 2005.

4.    Both parties have filed initial disclosures and MWRA has identified the documents and witnesses from its initial disclosures it believes to be relevant to MWRA's understanding of Phase One discovery. STH has not formally identified Phase One documents and witnesses due to the disagreement as to what is included in Phase One discovery.

5.    The parties have worked together to cooperate through discovery and have issued discovery requests and noticed depositions.

6.    Currently, interrogatories have been served by MWRA and answered by STH, and a Request for the Production of Documents has been made by STH, to which a response is due on or before

July 15, 2005, unless otherwise agreed upon by the parties. In addition, six depositions have been noticed. Due to scheduling conflicts, however, the parties are unable to complete the depositions and fully respond to the discovery requests prior to July 5, 2005.

7.  The parties' joint request to amend the Scheduling Order does not seek additional time to conduct additional discovery, but only sufficient time to allow both parties to complete the discovery that has already been issued for this initial phase of discovery.

8.  Accordingly, both parties jointly request modification of the Scheduling Order as follows:

    a.  On or before June 30, 2005, STH will amend its initial disclosures filing to identify documents and witnesses relevant to the MWRA's understanding of Phase One discovery, while reserving STH's right concerning the proper scope of Phase One discovery;

    b.  On or before July 15, 2005, the parties must produce documents that have been identified as Phase One documents in the initial disclosures and amended initial disclosures;

    c.  Discovery cutoff on issue liability for the purpose of MWRA's anticipated Rule 56 motion is extended to August 9, 2005 to allow for the completion of discovery previously issued; and,

    d.  MWRA's Rule 56 motion on issue liability is to be filed by August 23, 2005.

The requested extension would not otherwise affect the dates set forth in this Court's May 19, 2005 Scheduling Order. For all of the reasons set forth above, the parties request that this Joint Motion be granted.

Dated: June 29, 2005

| SHEA-TRAYLOR-HEALY,<br>A JOINT VENTURE | MASSACHUSETTS WATER<br>RESOURCES AUTHORITY |
|---|---|
| /s/ Arnie Mason<br>Henry D. Danforth, Esq.<br>Arnie B. Mason, Esq.<br>Watt, Tieder, Hoffar & Fitzgerald, LLP<br>8405 Greensboro Drive<br>Suite 100<br>McLean, VA  22102-4224<br>(703) 749-1000 (tel.)<br>(703) 893-8029 (fax) | /s/ Paul Milligan<br>Michael T. McInerny, Esq. (BBO# 549480)<br>Paul T. Milligan, Esq. (BBO# 552574)<br>Nelson Kinder Mosseau & Saturley, PC<br>45 Milk Street, 7th Floor<br>Boston, MA 02109<br>(617) 778-7500 (tel.)<br>(617) 778-7501 (fax) |
| /s/ Eric Eisenberg<br>Joel Lewin, Esq. (BBO# 248040)<br>Eric F. Eisenberg, Esq. (BBO# 544682)<br>Hinckley, Allen, Snyder, LLP<br>28 State Street, 29th Floor<br>Boston, MA  02109-1775<br>(617) 345-9000 (tel.)<br>(617) 345-9020 (fax) | /s/ John Navoy<br>Steven A. Remsberg, Esq. (BBO# 416620)<br>John V. Navoy, Esq. (BBO# 367780)<br>Massachusetts Water Resources Authority<br>Charlestown Navy Yard<br>100 First Avenue, Building 39<br>Boston, MA  02129<br>(617) 788-1145 (tel.) |

## CERTIFICATE OF SERVICE

I certify that a true copy of the above document was electronically served on all counsel of record, with a courtesy copy by first class regular mail, postage prepaid, as required by the Standing Order of This Court.

/s/ Paul Milligan
Paul T. Milligan

Date: June 29, 2005